IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JAMES GOOCH,
    Plaintiff,

v.

    Case No.
    Jury trial demanded

Barbara Buford, HSA
Rosie Kendrix, Asst. Warden
John Doolen, Sheriff
    Defendants.

## COMPLAINT FOR VIOLATIONS OF
## CIVIL RIGHTS UNDER 42 U.S.C. § 1983 FOR DAMAGES

I Previous lawsuits: None

II Preliminary Statement:

    This is a civil rights action filed by James Gooch a State prisoner, for damages and injunctive relief pursuant to 42 U.S.C. 1983, alleging a denial and or delay in medical treatment by Hardeman County Correctional facility staff.

III Jurisdiction:

1. The Court has jurisdiction over Plaintiff's claims of violation of Federal Constitutional rights under 42 U.S.C. 1331(a) and 1343 venue is proper pursuant to 28 U.S.C. 1367.

2. The Court has supplemental jurisdiction over the plaintiff's state law tort claims under 28 U.S.C. 1367

IV Parties:

1

1. Barbara Buford was the health care service provider at Hardeman County correctional facility at the time of the violations state herein.

2. Asst. Warden Rosie Kendrix was the supervisor that had personal knowledge of the violations stated herein and did nothing assure that the law was followed. Stated to me personally, "I don't want to know anything about that medical stuff, if I know then I have to do some thing, and we don't have any money in the budget."

3. Sheriff John Doolen was charged with duty to assure that health care was provide while plaintiff was housed at the Hardeman County Correctional facility and Hardeman County was contracted with the Tennessee Department of Corrections to house State Inmates.

V  Facts:

1. James Gooch plaintiff arrived at Hardeman county Correctional facility on September 9, 2009. Was seen by Nurse practitioner who refereed Plaintiff to doctor. On October 27, 2009 Plaintiff was seen by doctor and refereed for a sleep study. Referral was entered into the computer system on November 2, 2009. It was first denied by regional director, but plaintiff was then sent to Jackson, Tennessee to Sleep disorder center on July 27, 2010 after sending several letters and complaints to the Warden Easterling and commissioner of TDOC. At The sleep study center plaintiff was treated by Dr. Ronald F. Taylor.

2. Dr. Taylor's diagnosis in summary was " Mr. Gooch has severe obstructive sleep apnea, which results in sleep fragmentation and arterial oxhemoglobin desaaturation, at the time of the exit interview July 28, 2010 the results of diabetic testing were discussed at length as well as discussion of normal sleep pyssidlogy and he patients specific sleep pathology time 20/20 safety issues were discussed, principles of sleep hygiene were reviewed.

3. Plaintiff returned to Hardeman County Correctional facility, and no treatment was rendered until Plaintiff began to file grievances.

4. Plaintiff's treatment is still being delayed and the machine given to the Plaintiff is not performing as it should and causing the plaintiff further harm, bruising on the face and still allowing the Plaintiff the gasp for air during the night.

## CLAIM FOR RELIEF AGAINST DEFENDANTS OF HARDEMAN COUNTY CORRECTIONAL FACILITY NONE OF THE ACTIONS PERPETRATED SERVE A PENOLOGICAL INTEREST.

Plaintiff reaffirms each and every allegation contained in the previous paragraphs as is fully set forth herein.

1. The Failure of the Asst. Warden Rosie Kendix to act in the matter of medical services prescribed by the consulting physician, when it was clear that services were being denied or delayed by the HSA Ms. Barbara Buford should constitute a deliberate in difference to the serious medical needs of the plaintiff, and then to misrepresent the Plaintiff with false statements presented in the formal grievance procedure all this while acting under the color of State law a State actor no doubt.

2. The actions of Ms. Barbara Buford who heads the Hardeman County correctional facility Medical department to deny and or delay medical treatment in violation of the U.S. State Constitution as well as moral law and standards of decency. Ms. Barbara Buford misrepresented the plaintiff acting the color of law in that she blatantly refused to render treatment the plaintiff while he was housed at Hardeman County Correctional Facility, and then Ms. Buford stating on several occasions that she was rendering services and not doing so, she falsified government documents and refused treatment, even after the Plaintiff was

3

given a Bi-pap breathing machine that was inoperative she refused to allow the machine to be removed from the Hardeman County Correctional facility when plaintiff was subpoenaed to Court, and after the first time this happened she did on the Plaintiff's next court visit refuse to allow the plaintiff to take his medically prescribed breathing machine to court when plaintiff was going to be away from the institution for several days, Ms. Barbara Buford was deliberately indifferent to the medical needs of the Plaintiff, knowing that the plaintiff's well being was under fire without this machine.

3. He non actions of the sheriff John Doolen in this matter, the Sheriff of the County is held to provide proper food clothing and medical care to inmates that are being housed in the County jail under contract with the TDOC for over crowding, even though the Hardeman County has sub contracted this service to CCA.

## ANALYSIS

The violations in direct contravention of Local State and Federal Constitutional law Eight Amendment to the United States Constitution. Stating a ban on inflicting cruel and unusual punishment, made applicable by the Fourteenth Amendment, proscribes more e than physically barbarous punishments; it prohibits penalties that are grossly disproportionate to the offense, as well as those that transgress today's broad and idealistic concepts of dignity, civilized standards, humanity, and decency. U.S.C.A. Amends. 8, 14

## REQUESTED RELIEF

Wherefore Plaintiff request that the Court grant the following relief:

A. Issue a declaratory Judgment stating that:

1. The emotional and mental abuse of the plaintiff by the defendant Ms. Barbara Buford and Asst. Warden Rosie Kendrix

2. Defendants Asst. Warden Rosie Kendrix and Sheriff John Doolen Failure to take action in this matter.

B. Issue an Injunction ordering the defendants to render treatment as prescribed by consulting physician to the Plaintiff or have Plaintiff transferred to a special needs facility where he can receive proper treatment as prescribed.

C. Award Compensatory damages jointly and severally against defendants:

1. HSA Ms. Barbara Buford, Asst. Warden Rosie Kendrix, Sheriff John Doolen.

Award punitive damages jointly and severally against defendants:

2. HSA Ms. Barbara Buford, Asst. Warden Rosie Kendrix and Sheriff John Doolen.

## APPOINTMENT OF COUNSEL

Appoint the Plaintiff an attorney because of the complexity of the case at bar, the Plaintiff would state that he is not an educated person and his skills for understanding are those of a minor in these instances. This document before you has been , the defendants have very educated lawyers working for them while they continue to violate the rights of the plaintiff and place Plaintiff's life and well being in jeopardy.

It is so prayed

## CERTIFICATE OF SERVICE

I, hereby certify that the foregoing complaint for violation under 42 USC 1983 has been delivered to the prison mail room authorities on this the _____ day of _____ 2011, with prepaid 1st class postage, being addressed to United States District Court, 800 Broadway, Nashville, TN 37210.

Respectfully submitted,

_____
James Gooch pro se
Hardeman County Correctional Facility
P.O.Box 549
Whiteville, TN 38075

## VERIFICATION

By the signature below, after first being duly, sworn, the undersigned makes oath that the foregoing information is true to the best of plaintiff's knowledge, information and belief and all claims known to him are included in the complaint for violation of Constitutional rights.

X *James Gooch*
James Gooch pro se

Before me, the undersigned, a notary public in and for said County (Hardeman) State (Tennessee), the plaintiff James Gooch personally appeared before me on the basis of satisfactory evidence and whom, upon oath, acknowledged that he executed the foregoing instrument for the purpose therein contained, by signing his name thereto.

Witnessed by my hand and seal, at office in Whiteville, Tennessee, this the 16 day of Feb, 2011.

*Darlene Mathews*
NOTARY PUBLIC

9-19-2012
MY COMMISSION EXPIRES:

