# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

JAMES GOOCH,
    Plaintiff,

v.

BARBARA BUFORD, Health Services Administrator is sued in her individual capacity,
    Defendant.

Cause No: 11-1098-JDT/egb

Amended COMPLAINT

## Amended COMPLAINT

### PRELIMINARY STATEMENT

This is a civil rights action filed by James Gooch, a state prisoner, for declaratory and injunctive relief under 42 U.S.C. § 1983, plus monetary damages. This case presents material issues of fact as to whether prison officials negligently failed to provide prisoner suffering from sleeping disorder with prescribed breathing machine and face mask, and whether that delay arises to the level of deliberate indifference. It is Plaintiff's contention that the purpose of providing medical treatment is to get the injured person back to normal as quick as possible. Plaintiff contends that he is suffering from violation of his constitutional rights including deliberate indifference to his serious medical needs. The Plaintiff further contends that the health services administrator has created an unlawful practice and pattern of denying timely medical treatment that has been diagnosed by physician as applied to plaintiff. Plaintiff further contends that the defendant had the obligation of providing reasonable medical care to him, however, the defendant deliberately ignored his serious medical needs in violation of the Eighth Amendment to the United States Constitution.

Plaintiff also alleges the tort of negligence. Plaintiff further contends that the treating physician has committed the tort of negligence by and through her malicious and grossly negligent conduct while acting under color or authority of State law. Plaintiff contends that he has sought to afford corrections officials time and opportunity to address his complaints internally by making full use of the prison grievance process before initiation of this case. Plaintiff calls for enforcement of Tenn. Dep't Corr. policies governing medical treatment, and also, an order that CCA/Hardeman shall provide constitutionally-adequate medical care to facilitate the treatment of Plaintiff's severe sleep disorder, and further requests that the court order the defendant to be trained about the strict guidelines imposed by and through the National Commission on Correctional Health Care (NCCHC) Standards as their guidelines and final goal post for their health care system and to provide periodic reports to the court that they are following the court's remedial decrees, as well as, postjudgment monitoring of the defendants' compliance with remedial decrees.

## JURISDICTION

This Court has jurisdiction over the plaintiffs' state court claims pursuant to 28 U.S.C. § 1367, and federal claims pursuant to 28 U.S.C. § 1331 and 1343 (a)(3), as well as the allegations of violations of Tennessee and United States constitutional rights pursuant to 28 U.S.C. § 1983.

## VENUE

Hardeman County, Tennessee is the appropriate venue because a substantial part of the events or omissions giving rise to the claims occurred in this county.

## PARTIES

1. The plaintiff, JAMES GOOCH was incarcerated at CCA/Hardeman County Correctional Facility ("CCA/Hardeman") during the events described in this complaint.

2. Defendant BARBARA BUFORD, was the prison's health services administrator. BUFORD was employed by Corrections Corporations of America, a private for-profit corrections management firm. Prior to 01 January 2007, BUFORD served as the RN Charge Nurse at CCA/Hardeman. Since 01 January 2007, BUFORD has served and continues to

serve as the Clinical Nursing Supervisor at CCA/Hardeman. As the Clinical Nursing Supervisor, BUFORD has direct responsibility for the daily operations of the medical department at CCA/Hardeman. BUFORD is responsible for the overall operation and coordination of medical care for inmates, as well as the supervision of the nurses who are directly involved in patient care. She is sued in her individual capacity.

3. At all times relevant to the events described herein, Defendant BUFORD, continues to act under color of state law.

## FACTUAL ALLEGATIONS

4. In 1994, several years before his incarceration, Plaintiff was diagnosed as suffering from severe obstructive sleep apnea, a sleep disorder for which he was prescribed a C – PAP breathing machine, and also, a medium-sized gel nasal mask with chin strap and instructed to sleep in an elevated position. Since that time, Plaintiff has utilized a C–PAP breathing machine along with a gel-type face mask every night to sleep, as well as, using multiple pillows to alleviate his sleep-related breathing problems.

5. On 09 September 2009, Plaintiff was transferred by the department of correction to CCA/Hardeman County Correctional Facility ("CCA/Hardeman") located in Whiteville, Tennessee. However, Plaintiff was also transferred to Charles Bass Correctional Complex located in Nashville, Tennessee for court appearances at various times during his incarceration at CCA/Hardeman.

6. CCA/Hardeman County Correctional Facility is operated by Corrections Corporations of America, a private for-profit corrections management firm. CCA/Hardeman holds approximately 2000 state prisoners. Prisoners are housed on three wings of two-tiered cell blocks. There is also a unit for administrative and disciplinary segregation, as well as, a unit for protective custody.

7. Corrections Corporations of America (CCA), a Nashville based corporation is the nation's largest for-profit prison company. CCA employs three lobbying firms in Washington D.C., and spent about $1 million in lobbying on the federal level in 2009, and also, has its own Political Action Committee in addition to spending a significant amount of money courting federal agencies and members of Congress. CCA executives and employees have made

over $135,00 in campaign donations to federal political candidates in the 2008 and 2010 election cycles. Moreover, CCA is well practiced in paying off lawsuits as a cost of doing business. It's in their financial interest to provide inadequate training and services, then take small lumps whenever sued.

8. On 09 September 2009, Plaintiff's medical records indicate that he was interviewed in the medical department. During this interview, Plaintiff informed the intake nurse that he suffers from a sleeping disorder known as sleep apnea syndrome. Also, during intake, Plaintiff informed nurse about of treatment he had received at West Tennessee State Penitentiary (WTSP), and advised the nurse that he needed to be furnished a BiPAP breathing machine, and also, a medium-sized gel nasal mask with chin strap, as well as, two (2) pillows. When Plaintiff informed the intake nurse that his treating physician at WTSP had scheduled him for an appointment at the state's Lois M. DeBerry Special Needs Facility in Nashville, where a specialist would evaluate him and recommend a course of treatment, she burst out laughing aloud and exclaimed, "Good Luck, getting there!"

*Inadequate Medical Care*

9. On 27 October 2009, over a month later, Plaintiff's medical records indicate that, he was summoned to the facility's medical department where he was seen by CIPRIAN CRISMARU, M.D., the attending physician. At that time, Plaintiff informed the attending physician about the aforementioned conversation had with intake nurse.

10. During these events Plaintiff informed attending physician that following his incarceration he was transferred to West Tennessee State Penitentiary (WTSP), a state-operated institution located in Henning, Tennessee. That treating physician at WTSP had prescribed referral to state's Lois M. DeBerry Special Needs Facility in Nashville, where a specialist could evaluate him and recommend a controlled-environment sleep study.

11. According to Plaintiff's medical records, CIPRIAN CRISMARU, M.D., the attending physician made a written referral for a sleep study.

*Defendants' Deliberate Indifference*

12.   On 02 November 2009, Plaintiff was compelled to submit a Hardeman County Correctional Facility ~ Inmate Request Form to Defendant BUFORD complaining that he sleeps on a C-PAP breathing machine and nobody is providing him the medical attention that he requires . . . On 18 November 2009, Defendant BUFORD finally responded, "You have had a sleep study ordered. However, it has not yet been approved. If it is approved, you will be called to medical when its time for your appointment. Yes, you are receiving medical attention." This delayed response was nothing more than pandering, hence affirmatively demonstrates that Defendant's actions or in actions constituted deliberate indifference to his serious medical needs as applied to Plaintiff.

13.   On 02 November 2009, Plaintiff's medical records indicate that the attending physician's "referral" was finally entered into the prison's computer system. The records indicate that the attending physician's written referral for a sleep study was denied by a regional director of health services for Corrections Corporation of America. That is to say, it is the policy or custom of Corrections Corporation of America by and through it's health services administrator's to deny or at the very least postpone medical treatment. Hence, the prison's health services administrator maintained or practiced a policy or custom of deliberate indifference to Plaintiff's serious medical needs.

14.   On 18 November 2009, Plaintiff was compelled to mail a letter of Complaint regarding the continuing and ongoing run-a-round concerning the denial and unnecessary delay obtaining a sleep study that prison's health administrator claims is required before she will furnish a C-PAP breathing machine to Commissioner of the Department of Correction. However, Plaintiff never received a response.

15.   On 20 January 2010, Plaintiff was compelled to submit another Hardeman County Correctional Facility ~ Inmate Request Form to Defendant BUFORD complaining that he chokes everyday and most of the day and nothing has been done about his sleeping disorder . . . On 19 February 2010, Defendant BUFORD finally responded, "I have addressed this issue numerous times. When your records get here, we will review your case and the doctor will do what he thinks is best." This delayed response was nothing more than pandering, hence affirmatively demonstrates that Defendant's actions or in actions constituted

deliberate indifference to his serious medical needs as applied to Plaintiff.

16. On 09 February 2010, Plaintiff was compelled to submit another Hardeman County Correctional Facility ~ Inmate Request Form to Defendant BUFORD complaining that on 09 September 2009 thru 14 October 2009 to 09 February 2010 and many more times I have reported having trouble breathing at night and day because of my disorder sleep apnea and low-grade narcolepsy . . . On 17 February 2010, Defendant BUFORD finally responded, "You came down and signed a release for us to send off for your records. We haven't received them yet, but will let you know when we do." This delayed response was nothing more than pandering, hence affirmatively demonstrates that Defendant's actions or in actions constituted deliberate indifference to his serious medical needs as applied to Plaintiff.

17. On 27 July 2010, seven (7) months after he arrived at CCA/Hardeman, and *only* after Plaintiff had been compelled to file numerous inmate grievances concerning denial of C-PAP breathing machine, as well as, submission of several letters and written complaints to the prison's warden and the commissioner of the department of correction ~ Plaintiff's medical records indicate that he was finally transported to the Sleep Disorders Center of Jackson-Madison County General Hospital located in Jackson, Tennessee. The records indicate that Plaintiff was treated by Ronald Taylor, M.D.

18. On 27 through 28 July 2010, Plaintiff's medical records indicate that he underwent an overnight sleep study supervised by treating physician Ronald Taylor, M.D., a licensed physician familiar with the standard of care applicable to physician's practicing medicine in Hardeman County, Tennessee.

19. The treating physician conducted an examination and assessment of Plaintiff's sleep disorder and determined that Plaintiff has severe obstructive sleep apnea which results in sleep fragmentation and arterial oxhemoglobin desaturation.

20. The treating physician prescribed that Plaintiff be furnished a C-PAP machine, and also, a medium-sized gel nasal mask with chin strap, as well as, two (2) pillows.

21. On 31 August 2010, Joe Easterling, the prison's warden was compelled to issue a written directive to Defendant BUFORD that stated [she] should ensure that [Plaintiff] receive 2 pillows, C-PAP machine, and all equipment necessary for proper function in a timely manner as prescribed by the doctor. Defendant's response was; *M.D., and consulting M.D.,*

*determined that C-PAP won't work. BiPAP was ordered and should arrive next week. Pillows will be up to physician to order. I am not qualified to order pillows.*

22. Between, 09 September 2009, and 13 September 2010, BUFORD did not act in good faith, as a reasonable and prudent employee / registered nurse licensed in the State of Tennessee when she failed to recognize and implement the treatment plan of Ronald Taylor, M.D., the physician whom she had arranged to examine, assess and provide her a plan of treatment to facilitate Plaintiff's severe sleep disorder, as such, her *deliberate indifference to Plaintiff's serious medical needs* was clearly violative of the Eighth Amendment to the United States Constitution. Plaintiff has been treated for the same problem for a long time prior to his incarceration, and even during periods of incarceration, he has never been denied use of a C-PAP breathing machine until his medical care was subjected to review by Defendant BARBARA BUFORD, while she was the prison's health services administrator. It is Plaintiff's contention that he should not suffer from inadequate medical care. Hence, Defendant BUFORD was deliberately indifferent to Plaintiff's health, safety, or welfare and, as such, violated Plaintiff's rights.

23. Plaintiff contends that he was wholly dependent on Defendant BUFORD to authorize provision and/or use of a C-PAP breathing machine, and a medium-sized gel nasal mask with chin strap, as well as, a "doctor's order" for two (2) pillows because as a state prisoner he could not seek medical treatment from any other source, but the prison's medical department. Hence, when this Defendant's actions or inactions denied the treatment plan of Ronald Taylor, M.D., and/or Plaintiff's need for a C-PAP machine, and a medium-sized gel nasal mask with chin strap, as well as, a "doctor's order" for two (2) pillows, she was negligent, and breached her duty owed to Plaintiff.

24. On 13 September 2010, twelve (12) months *after* he arrived at CCA/Hardeman, and *only* after Plaintiff had been compelled to file numerous inmate grievances concerning denial of C-PAP breathing machine, he was finally furnished a BiPAP breathing machine and a low-grade rubberized face mask. However, the BiPAP machine was not in working order.

25. On 15 September 2010, Plaintiff was temporarily transferred to Charles Bass Correctional Complex located in Nashville, Tennessee for a court appearance. When Plaintiff sought to take his medically-prescribed BiPAP breathing machine he was informed by

Defendant BUFORD that he could not remove it from the prison. Even more importantly, Defendant BARBARA BUFORD, the prison's health services administrator did not exercise a degree of care which was reasonable, prudent, proper and lawful when she neglected to implement the prescribed course of treatment for Plaintiff's severe sleep disorder that the Ronald Taylor, M.D., the physician had advised. As such, the prison's health services administrator's acts or omissions caused Plaintiff to suffer life threatening conditions violative of the Eighth Amendment to the United States Constitution.

26. On 24 September 2010, Plaintiff returned to CCA/ Hardeman from out-to-court status.

27. On 26 September 2010, Plaintiff was compelled to submit another Tennessee Department of Correction Inmate Inquiry~Information Request form to Defendant BUFORD complaining that the BiPAP breathing machine that he had been issued on 13 September 2010 was broken when received. That he had promptly reported this matter to prison's medical department at 8:00 a.m., next day 14 September 2010, and that nothing had been done about repairing BiPAP breathing machine.

28. On 27 September 2010, fourteen (14) days later, Defendant BUFORD finally acted to take possession of malfunctioning BiPAP breathing machine to have it repaired.

26. On 12 November 2010, Plaintiff was compelled to submit another Tennessee Department of Correction Inmate Inquiry~Information Request form to Defendant BUFORD complaining that he needed the right kind of breathing machine and medium gel face mask. That every night without BiPAP machine and two (2) pillows is a life and death situation.

27. On 29 December 2010, Plaintiff was temporarily transferred to Charles Bass Correctional Complex located in Nashville, Tennessee for a court appearance. When Plaintiff sought to take his medically-prescribed BiPAP breathing machine he was informed by Defendant BUFORD that he could not remove it from the prison. Even more importantly, Defendant BARBARA BUFORD, the prison's health services administrator did not exercise a degree of care which was reasonable, prudent, proper and lawful when she neglected to implement the prescribed course of treatment for Plaintiff's severe sleep disorder that the Ronald Taylor, M.D., the physician had advised. As such, the prison's health services administrator's acts or omissions caused Plaintiff to suffer life threatening conditions violative of the Eighth Amendment to the United States Constitution.

28. On 17April 2012, Plaintiff's medical records indicate that he was finally furnished the long ago, prescribed gel-type face mask and headgear. *Note of import:* this equipment was only furnished *after* service of this civil action.

## EXHAUSTION

Plaintiff affirmatively asserts that he has exhausted all available administrative remedies regarding the matters described in this complaint.

29. On 14 October 2009, plaintiff filed an administrative grievance, Tennessee Department of Correction Inmate Grievance number 17281/214512, charging that *On 14 October 2009, grievant told Counselor Davis that he was having trouble breathing at night because he has sleep apnea and low-grade narcolepsy. On 07 October 2009, grievant informed Unit Manager Ester of the same problem and U/M Ester stated, "I ain't got time right now." On 17 September 2009, grievant turned in an Emergency Grievance to Sgt. McKinney, who stated, "I can't do anything with this – it's not my responsibility!" Sleep apnea is a life-threatening disease where a person stops breathing while sleeping. I have been ignored enough. Medical was supposed to issue the grievant a C - PAP machine to help me continuously breath at night. On 15 October 2009, grievant again informed U/M Ester that he needed his C - PAP machine. Therefore, the grievant grieves that U/M Ester is denying said machine to grievant.*

Plaintiff set forth his requested solution for resolving his complaint as; *C – PAP machine be issued or at the least, medical allow me to see someone.*

On 16 December 2009, Reuben Hodge, the Assistant Commisioner of Operations response was; *The Director of Health Services has reviewed the grievance and concurs with the Supervisor and the Health Administrator.*

Plaintiff contends that he has complied with the statutory exhaustion requirement of the Prison Litigation Reform Act of 1995, and exhausted the "administrative remedies . . . available" within the meaning of 42 USCS § 1997e (a).

Copy of plaintiff's Tennessee Department of Correction Inmate Grievance number 17281/214512, and appeal are attached to this complaint as documentary evidence.

30. On 27 April 2010, plaintiff filed an administrative grievance, Tennessee Department of

Correction Inmate Grievance number 18450/228350, charging this *Grievance is on Ms. Buford, the health services administrator . . .informed Ms. Buford on 14 October 2009 that I have sleep apnea and low-grade narcolepsy. I have wrote request forms and grievances on this issue. Sleep Apnea is a life-threatening disease where I stop breathing while sleeping. Medical's supposed to make sure I have proper care pursuant to state and federal laws.*

Plaintiff set forth his requested solution for resolving his complaint as; *C - PAP machine be issued or at least a medical sleep test.*

On 28 December 2010, Reuben Hodge, the Assistant Commissioner of Operations response was; *The Director of Health Services has reviewed the grievance and: Concurs with Supervisor*

Plaintiff contends that he has complied with the statutory exhaustion requirement of the Prison Litigation Reform Act of 1995, and exhausted the "administrative remedies . . . available" within the meaning of 42 USCS § 1997e (a).

Copy of plaintiff's Tennessee Department of Correction Inmate Grievance number 18450/228350, and appeal are attached to this complaint as documentary evidence.

31.   On 08 July 2010, plaintiff filed an administrative grievance, Tennessee Department of Correction Inmate Grievance number 18493/228661, charging that *I've been denied several times now medical treatment. On 7/8/2010, I went to medical over my sleep apnea. I'm in desperate need of my C-PAP machine. I've spoken with medical on numerous occasions concerning this matter nothing comes out of it. They continue to tell me that, I'm on a list for a sleep test. I've been told that for more than 6-months! All I'm wanting to do is sleep. . .*

Plaintiff set forth his requested solution for resolving his complaint as; *I would like them to get my sleep study completed and get my C-PAP machine, so I can sleep.*

On _____ _____ 2010, Reuben Hodge, the Assistant Commissioner of Operations response was; *NO RESPONSE to the grievance.*

Plaintiff contends that he has complied with the statutory exhaustion requirement of the Prison Litigation Reform Act of 1995, and exhausted the "administrative remedies . . . available" within the meaning of 42 USCS § 1997e (a).

Copy of plaintiff's Tennessee Department of Correction Inmate Grievance number 18493/228661, and appeal are attached to this complaint as documentary evidence.

32. On 08 August 2010, plaintiff filed an administrative grievance, Tennessee Department of Correction Inmate Grievance number 18123/224983, charging that *Stop Breathing In Sleep. Inmate Grievance is on Ms. Buford, the health services administrator. Had a sleep study done on 27 July 2010, at Jackson-Madison County General Hospital. Required documentation is now in medical file. I need prison's medical department to furnish me with 2-pillows and a C-PAP breathing machine.*

Plaintiff set forth his requested solution for resolving his complaint as; *2-pillows & C-PAP machine.*

On 23 September 2010, Reuben Hodge, the Assistant Commissioner of Operations response was; *The Director of Health Services has reviewed the grievance and: Concurs with Supervisor*

Plaintiff contends that he has complied with the statutory exhaustion requirement of the Prison Litigation Reform Act of 1995, and exhausted the "administrative remedies . . . available" within the meaning of 42 USCS § 1997e (a).

Copy of plaintiff's Tennessee Department of Correction Inmate Grievance number 18123/224983, and appeal are attached to this complaint as documentary evidence.

33. On 30 August 2010, plaintiff filed an administrative grievance, Tennessee Department of Correction Inmate Grievance number 18837/227015, charging that *C/O ____. McDonald, the third-shift officer at C.B.C.X. was willfully slow to summon medical assistance after grievant informed him that he was having great difficulty breathing and suffering chest pains.*

Plaintiff set forth his requested solution for resolving his complaint as; *Whatever policy deems necessary to when staff fails to promptly to medical emergency.*

On 11 February 2011, Reuben Hodge, the Assistant Commissioner of Operations response was; *The Director of Health Services has reviewed the grievance and concurs with the Supervisor and the has.*

Plaintiff contends that he has complied with the statutory exhaustion requirement of the Prison Litigation Reform Act of 1995, and exhausted the "administrative remedies . . . available" within the meaning of 42 USCS § 1997e (a).

Copy of plaintiff's Tennessee Department of Correction Inmate Grievance number 18837/227015, and appeal are attached to this complaint as documentary evidence.

34. On 14 September 2010, plaintiff filed an administrative grievance, Tennessee Department of Correction Inmate Grievance number 18260/226438, charging that *Failed to provide proper medical treatment on 13 September 2010, I received my Respironics BiPAP breathing machine. I did receive basic instructions on how-to operate the machine. However, on 14 September 2010, I started to notice something was malfunctioning within the machine.*

Plaintiff set forth his requested solution for resolving his complaint as; *Policy and Procedure needs to be followed at all times.*

On 01 November 2010, Reuben Hodge, the Assistant Commissioner of Operations response was; *The Director of Health Services has reviewed the grievance and further information requested from has. Concur with the Supervisor, information complete.*

Plaintiff contends that he has complied with the statutory exhaustion requirement of the Prison Litigation Reform Act of 1995, and exhausted the "administrative remedies . . . available" within the meaning of 42 USCS § 1997e (a).

Copy of plaintiff's Tennessee Department of Correction Inmate Grievance number 18260/226438, and appeal are attached to this complaint as documentary evidence.

35. On 26 September 2010, plaintiff filed an administrative grievance, Tennessee Department of Correction Inmate Grievance number 18289/226684, charging that *Failed to give offender proper medical treatment. On 15 September 2010, refused to allow BiPAP machine to be transferred with offender to Charles Bass Correctional Complex located in Nashville, Tennessee for a court appearance . . .*

Plaintiff set forth his requested solution for resolving his complaint as; *Stop refusing medical treatment.*

On 01 November 2010, Reuben Hodge, the Assistant Commissioner of Operations response was; *The Director of Health Services has reviewed the grievance and: Concurs with Supervisor*

Plaintiff contends that he has complied with the statutory exhaustion requirement of the Prison Litigation Reform Act of 1995, and exhausted the "administrative remedies . . . available" within the meaning of 42 USCS § 1997e (a).

Copy of plaintiff's Tennessee Department of Correction Inmate Grievance number

18289/226684, and appeal are attached to this complaint as documentary evidence.

36. On 11 October 2010, plaintiff filed an administrative grievance, Tennessee Department of Correction Inmate Grievance number 18357/227389, charging this *Grievance on Ms. BUFORD, the prison's health services administrator. BiPAP breathing machine and all equipment malfunctioning.*

Plaintiff set forth his requested solution for resolving his complaint as; *Whatever policy deems necessary for falsification of documents and refusal to adhere to directive by warden.*

On 28 December 2010, Reuben Hodge, the Assistant Commissioner of Operations response was; *The Director of Health Services has reviewed the grievance and: Concurs with Warden*

Plaintiff contends that he has complied with the statutory exhaustion requirement of the Prison Litigation Reform Act of 1995, and exhausted the "administrative remedies . . . available" within the meaning of 42 USCS § 1997e (a).

Copy of plaintiff's Tennessee Department of Correction Inmate Grievance number 18357/227389, and appeal are attached to this complaint as documentary evidence.

37. On 19 October 2010, plaintiff filed an administrative grievance, Tennessee Department of Correction Inmate Grievance number 18403/227904, charging that *Barbara Buford, the health services administrator was intentionally failing to follow warden's directive issued in response to earlier inmate grievance.*

Plaintiff set forth his requested solution for resolving his complaint as; *Whatever policy deems necessary for falsification of documents and refusal to adhere to directive by warden.*

On 29 June 2010, Reuben Hodge, the Assistant Commissioner of Operations response was; *The Director of Health Services has reviewed the grievance and: Concurs with Warden*

Plaintiff contends that he has complied with the statutory exhaustion requirement of the Prison Litigation Reform Act of 1995, and exhausted the "administrative remedies . . . available" within the meaning of 42 USCS § 1997e (a).

Copy of plaintiff's Tennessee Department of Correction Inmate Grievance number 18403/227904, and appeal are attached to this complaint as documentary evidence.

38. On 09 December 2010, plaintiff filed an administrative grievance, Tennessee Department of Correction Inmate Grievance number 18521/229233, charging this *Grievance is on Barbara Buford, the health services administrator who knows about my medical*

condition. However, still does not have me in the computer system as a Class "B" medical classification. Buford knows about my obstructive sleep apnea syndrome disorder.

Plaintiff set forth his requested solution for resolving his complaint as; *Take health care more serious and put my Class "B" medical classification in the computer system, so every correctional officer will know I need a bottom bunk wherever I go.*

On 31 January 2011, Reuben Hodge, the Assistant Commissioner of Operations response was; *The Director of Health Services has reviewed the grievance and: Concurs with Committee*

Plaintiff contends that he has complied with the statutory exhaustion requirement of the Prison Litigation Reform Act of 1995, and exhausted the "administrative remedies . . . available" within the meaning of 42 USCS § 1997e (a).

Copy of plaintiff's Tennessee Department of Correction Inmate Grievance number 18521/229233, and appeal are attached to this complaint as documentary evidence.

39. On 31 December 2010, plaintiff filed an administrative grievance, Tennessee Department of Correction Inmate Grievance number 18852/229725, charging that *CBCX medical failed to provide serious medical treatment for chronic disorder for (obstructive sleep apnea) BiPAP breathing machine.*

Plaintiff set forth his requested solution for resolving his complaint as; *Need BiPAP breathing machine for chronic disorder (obstructive sleep apnea) or sent to Special Needs Facility were medical can provide BiPAP breathing machine for chronic disorder.*

On 10 May 2011, Reuben Hodge, the Assistant Commissioner of Operations response was; *Concur with Supervisor*

Plaintiff contends that he has complied with the statutory exhaustion requirement of the Prison Litigation Reform Act of 1995, and exhausted the "administrative remedies . . . available" within the meaning of 42 USCS § 1997e (a).

Copy of plaintiff's Tennessee Department of Correction Inmate Grievance number 18852/229725, and appeal are attached to this complaint as documentary evidence.

40. On 08 March 2011, plaintiff filed an administrative grievance, Tennessee Department of Correction Inmate Grievance number 18758/232098, charging this *Grievance on Rosie Kendrix, Assistant Warden have not follow up with me regarding my medical sleep apnea. J.*

*Easterling has issued a directive in regards Kendrix, Assistant Warden should follow up with I/M Gooch regarding medical classification 07 January 2011. R. Kendrix, Assistant Warden have not done nothing regarding my class "B" medical. It's now 08 March 2011, it's no cooperation in this matter.*

Plaintiff set forth his requested solution for resolving his complaint as; *Class "B" medical for chronic disorder.*

On 08 June 2011, Reuben Hodge, the Assistant Commissioner of Operations response was; *Concur with Warden & Concur with Supervisor*

Plaintiff contends that he has complied with the statutory exhaustion requirement of the Prison Litigation Reform Act of 1995, and exhausted the "administrative remedies . . . available" within the meaning of 42 USCS § 1997e (a).

Copy of plaintiff's Tennessee Department of Correction Inmate Grievance number 18758/232098, and appeal are attached to this complaint as documentary evidence.

## CLAIMS FOR RELIEF

Plaintiff supports the following claims by reference to the previous paragraphs of this complaint:

41. The actions of defendant BUFORD were an abuse of power, resulting consequentially in deliberate indifference to plaintiff's serious medical needs causing unreasonable hindrance of his ability to receive timely medical treatment for several months, was done knowingly and willfully for cost-saving and budgetary reasons, because plaintiff had filed inmate grievances against her operation of prison's institutional medical clinic deprived him of his rights under the Eighth Amendment to the United States Constitution.

42. That defendant BUFORD acted negligently or otherwise wrongfully when she failed to follow the mandates of Tennessee Department of Correction administrative policy 509.01, resulting consequently in causing unreasonable hindrance of plaintiff's ability to receive timely medical treatment, was done knowingly and willfully for vindictive and retaliatory reasons, because plaintiff had filed inmate grievances against her operation of prison's institutional medical clinic.

43. That defendant BUFORD acted negligently or otherwise wrongfully when she failed to

follow the objectives and mandates of Correction Corporation of America's corporate policy 14-8, resulting consequently in causing unreasonable hindrance of plaintiff's ability to receive timely medical treatment, was done knowingly and willfully for vindictive and retaliatory reasons, because plaintiff had filed inmate grievances against her operation of prison's institutional medical clinic.

44. That defendant BUFORD acted negligently or otherwise wrongfully when she failed to exercise reasonable care to provide timely medical treatment, resulting in consequential deliberate indifference to plaintiff's serious medical needs on 09 September 2009, deprived him of his rights under the Eighth Amendment to the United States Constitution.

45. That defendant BUFORD acted negligently or otherwise wrongfully when she failed to exercise reasonable care to provide timely medical treatment, resulting in consequential deliberate indifference to plaintiff's serious medical needs on 28 July 2010, deprived him of his rights under the Eighth Amendment to the United States Constitution.

46. Defendant BUFORD acted intentionally and purposefully to retaliate against plaintiff for the exercise of his protected speech activities in violation his First and Fourteenth Amendment rights.

## RELIEF REQUESTED

WHEREFORE, plaintiff requests that the court grant the following relief:

A. Issue a declaratory judgment stating that:

1. Defendant BUFORD had a duty to provide adequate medical treatment for JAMES GOOCH.

2. Defendant BUFORD abused her power when she failed her duty to provide adequate medical treatment, as applied to plaintiff, resulting in consequential loss of his ability to ambulate without use of crutches.

3. Defendant BUFORD a supervisory official, after learning of the violation through a report or administrative appeal, failed to remedy the wrong.

4. Defendant BUFORD had sufficient knowledge of GOOCH's serious medical need to justify a finding of deliberate indifference.

5. Defendant BUFORD a supervisory official, is personally liable because she was

grossly negligent in managing subordinates who caused the unlawful condition or event.

6. Defendant BUFORD knew or recklessly disregarded whether her statements set forth in her supervisor's response were untrue.

7. Defendant BUFORD persistent and retaliatory misconduct was motivated by plaintiff's First Amendment activities.

8. Defendant BUFORD's actions in conducting supervision of the facility's institutional medical department as applied to plaintiff violated his rights under the guaranty of the Tennessee Constitution Art. I, Sec. 8 and Art. XI, Sec. 8 which confers essentially same protection as Equal Protection Clause of the Fourteenth Amendment to the United States Constitution that no person or class of persons shall be denied the same protection of laws that is enjoyed by other persons or classes of persons in like circumstances, and also, the Eighth Amendment to the United States Constitution, as well as, constituted a tort of negligence under state law.

9. Defendant BUFORD knew or should have known it was reasonably foreseeable that her denial of reasonable medical care violated the plaintiff's rights under the Eighth Amendment to the United States Constitution and constituted a tort of negligence under state law.

10. Defendant BUFORD's actions in failing to provide adequate medical treatment as applied to plaintiff violated, and continue to violate, the plaintiff's rights under the Eighth Amendment to the United States Constitution.

11. That the undisputed facts show defendant BUFORD, the prison's health services administrator has not allowed plaintiff adequate medical treatment and supports plaintiff's allegations that defendant BUFORD has a history of arbitrarily denying adequate medical treatment, as applied to plaintiff, was done knowingly and willfully for vindictive and retaliatory reasons because plaintiff had filed inmate grievances against her operation of the prison's medical department has violated, and continues to violate, the plaintiff's rights under the Eighth Amendment to the United States Constitution.

B. Issue an injunction ordering defendant's BUFORD or their agents to:

    1. Immediately arrange for the plaintiff to have physical access to and use of the C - PAP machine.

2. Immediately arrange for the plaintiff to be furnished a gel-type face mask.

C. Issue an injunction ordering defendant's to immediately comply with the written orders of Ronald Taylor, M.D., the sleep study center physician, hereafter dispensing all such medical appliances as shall be prescribed for the treatment of plaintiff's medical condition at issue in this case.

D. Issue an injunction ordering all the defendants to be trained in regard to the strict guidelines imposed by and through the National Commission on Correctional Health Care (NCCHC) Standards for their health care system services, as well as, hiring a medical consultant experienced with prison medical department operations, who shall periodically inspect the medical clinic ~ unannounced, for postjudgment monitoring of the defendants' compliance with remedial decrees.

F. Enter judgment in favor of Plaintiff for nominal, compensatory, and punitive damages, as allowed by law, against each defendant, jointly and severally.

G. Enter judgment in favor of Plaintiff for exemplary damages as an enhancement of compensatory damages because of the wanton, reckless, malicious, or grossly negligent conduct of the acts complained of, and by way of punishment of the defendants and a deterrent to others.

H. Grant such other relief as it may appear that plaintiff is entitled.

09 May 2012

Respectfully submitted,

_____
JAMES GOOCH

[Notary Seal: DARLENE E. MATHEWS, STATE OF TENNESSEE NOTARY PUBLIC, COUNTY OF HARDEMAN]

Darlene Mathews
9-19-2012

James Gooch v. Barbara Buford, et al

18

James Gooch
Tenn. Dep't Corr., registration number: 264894
CCA/Hardeman County Correctional Facility
Post Office Box 549
Whiteville, Tennessee 38075-0549

# VERIFICATION

Pursuant to 28 U.S.C. § 1746, I declare and verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 09 May 2012.

*James Gooch*
JAMES GOOCH